*Formatted for Electronic Distribution*                                                                                                         *Not for Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

_____

In re:
     Michael F. Montagne,                                                                                     Chapter 12 Case
          Debtor.                                                                                      # 08-10916

_____                    Filed & Entered
                                                  On Docket
Michael F. Montagne,                              January 5, 2009
          Plaintiff,                                                                                    Adversary Proceeding
     v.                                                                                                         # 08-1022
Ag Venture Financial Services, Inc.,
Bourdeau Brothers, Inc.
          Defendants.

_____

*Appearances:*   Jess T. Schwidde           Lisa Chalidze            Gary L. Franklin
                            Rutland, VT               Benson, VT               Primmer Piper Eggleston
                            For the Debtor-Plaintiff   For Diane Montagne       & Cramer, PC
                                                                                Burlington, VT
                                                                                For Defendant Ag Venture
                                                                                   Services, Inc.

**MEMORANDUM OF DECISION**
**G<small>RANTING IN</small> P<small>ART AND</small> D<small>ENYING IN</small> P<small>ART</small> A<small>G</small> V<small>ENTURE'S</small> M<small>OTION TO</small> S<small>TRIKE</small>**

     Defendant Ag Venture Financial Services, Inc. ("Ag Venture") filed an amended motion to strike paragraphs 31-34 of the complaint in this adversary proceeding, and to strike exhibits 12 and 13 appended to the complaint, pursuant to Federal Rule of Bankruptcy Procedure 7012(f) (doc. # 6). Ag Venture argues that these allegations and documents, which refer generally to Ag Venture's alleged noncustomary and imprudent lending practices, "constitute impertinent and scandalous matters solely intended to prejudice Ag Venture and confuse the issues in this case" (id., p. 1). Based upon the findings set forth below, the Court grants Ag Venture's motion in part and denies it in part.

**Procedural Background**

     In its motion, Ag Venture provides some background that places the motion to strike in context. Ag Venture refers to a state court foreclosure action it initiated in December 2007 "as a result of Michael Montagne's default on over 3 million dollars in farm debt" (id., p. 2). Ag Venture asserts that the claims in this adversary proceeding "largely mimic those raised in the State court Proceedings"— such as, that Ag Venture "misapplied loan proceeds" and was "engaged in malfeasance including falsifying loan documents, making false statements and mishandling funds regarding the relationship between Michael Montagne and Ag

1

Venture" (id. p. 3). According to Ag Venture, the objectionable allegations and exhibits at issue here "entirely concern Ag Venture's relationship with its lenders and general lending practices. They do not bear on any of the issues before this Court," and their inclusion "is solely for the purpose of harassment and to impugn the character of Ag Venture, not to advance the merits of the claims." (Id.)

Exhibit 12 is a letter from Ag Venture's then-Vice President, Lisa Steadman,[1] to its President, Thomas Bellavance, dated August 10, 2001, to which was appended a list of what the author characterized as eight "Items of Concern." The letter conveyed Ms. Steadman's criticism of Ag Venture's handling of its relationship with its lender, Charter One Bank, and spoke in general terms about alleged discrepancies between the bank's loans and borrowers' loan balances – referring primarily to two loans unrelated to Montagne. Paragraph 4 of Ms. Steadman's list of "Items of Concern" stated: "Loans are being made to borrowers with no paperwork being signed at all. (Examples: M Montagne" and another borrower whose name is blacked out). Paragraph 6 on that list provided: "Loans are being made without proper credit analysis and loan underwriting. Examples: [a borrower whose name is blacked out], M Montagne." (doc. # 1, Ex. 12).

Ag Venture describes the letter as containing "commercially sensitive information that should not have been publicly disclosed" (doc. # 6, p. 5), and comments that this litigation "is not about the merits of Ms. Steadman's complaints. Resolving her claims would not advance any of the claims or defenses raised before this Court. Mr. Montagne's claims have nothing to do with Ag Venture's relationship with Charter One Bank. His claims center on objective facts concerning the making and servicing of his loans" (id., p. 7). Ag Venture argues that Ms. Steadman's citing the Montagne loans as examples of "loans made without proper paperwork and underwriting among her multiple items of concern relating to Ag Venture's relationship with Charter One, does not justify the inclusion of the entire Exhibit" (id.)

Exhibit 13 is a two-page document entitled "Ag Venture Financial Services, Inc., Memorandum on Internal Accounting Control," dated December 31, 2003, authored by Ag Venture's accountants, A.M. Peisch (doc. # 1, Ex. 13). It discusses A.M. Peisch's findings and recommendations regarding Ag Venture's loan policies. It does not mention the Montagne loans, or any loans in particular. Ag Venture claims that this document is beyond the scope of these proceedings (doc. # 6, p. 5). It also complains that it had not produced this proprietary information in the state court proceeding but that this exhibit, as well as the Steadman letter

---

[1] Ag Venture asserts that Ms. Steadman became an independent contractor consultant in July 2002 and pursuant to that agreement, agreed to withhold disclosure of any proprietary information and return company files at the conclusion of the consulting agreement. Subsequently, Ms. Steadman performed bookkeeping and tax services for the Montagnes, who became her clients and to whom she turned over Ag Venture's proprietary information. Ag Venture further claims that counsel for Diane Montagne (the Debtor's former wife) in the state court proceedings, Lisa Chalidze (counsel for Mrs. Montagne in these bankruptcy court proceedings as well) subpoenaed Ms. Steadman who turned over proprietary information without any notice to Ag Venture, who never received any of the documents produced by Ms. Steadman. There was litigation in state court over these documents, which was stayed by the filing of this bankruptcy case (doc. # 6, pp. 5-7). Montagne, in his opposition to the motion to strike, debates the relevance of the state court proceedings (particularly concerning claims asserted by Mrs. Montagne, discovery requests, and confidentiality issues related to exhibits 12 and 13) (doc. # 11, pp. 2-4).

(Exhibit 12), had been made public through undisclosed sources and submitted to the St. Albans Messenger, which ran a front-page story based Exhibit 12 (id. p. 3-5, 8 & Ex.5).

Montagne opposes the motion to strike, first taking issue with a number of Ag Venture's factual assertions that relate to the pre-bankruptcy state court proceedings (doc. # 11, pp. 2-4). He next argues that the proper standard for the motion to strike should be that provided by 11 U.S.C. § 107, which governs the right of public access to judicial records (i.e., whether certain court documents should be sealed and thus unavailable to the public). Courts have ruled that corporations must meet an "especially high" standard when seeking protective orders: "a bankruptcy court may grant protection under 11 USCS § 107(b)(2)[2] based on a showing of untruthfulness," relief which is "available only in rare cases where the untruthfulness is readily apparent," citing In re Food Mgmt. Group, LLC, 359 B.R. 543 (Bankr. S.D.N.Y. 2007) (doc. # 11, pp. 5-7). Montagne imports that "especially high" § 107 standard to the motion to strike, contends that Ag Venture did not meet it, and therefore the motion must be denied.

Montagne quotes from exhibit 12 to highlight Ag Venture's alleged loan advances outside normal banking practices, quotes paragraphs 4 and 6 of the "Items of Concern," and ties those quotations to the issues "squarely raise[d]" in the complaint (id. p. 8). He contends that it would be inequitable to deprive him of "the full scope of his allegations, his discovery and his proof," in relation to his equitable subordination claim, outlines additional alleged departures from lending norms by Ag Venture, and argues the merits of his claims (id. at 9-14). The Debtor points to exhibit 13 as calling into question the integrity of Ag Venture's financial records and questions why this Creditor "would now seek to strike a document that has been available to the public in court files for some seven months" and has not been contested as untrue (id. at 14-15).

## Jurisdiction

The Court has jurisdiction over this adversary proceeding and the motion to strike, as a core proceding, pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

## Discussion

Rule 7012(f) incorporates Fed. R. Civ. P. 12(f), the motion to strike, and provides: "Upon motion . . . made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Bankr. P. 7012(f). Federal Practice & Procedure defines "impertinent" matter as "consist[ing] of statements that do not pertain, and are not necessary, to the issues in question" and "scandalous" matter as "that which improperly casts a derogatory light on someone, most typically on a party to the action. It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action" (footnotes omitted). Charles Alan Wright, Arthur R. Miller, 5C Federal

---

[2] Section 107(b)(2) provides that, "On request of a party in interest, the bankruptcy court shall . . . protect a person with respect

3

Practice & Procedure Civ. 3d § 1382 (rev. 2008). "Scandalous" matter generally means "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." 2 James W. Moore, et al., Moore's Federal Practice § 12.37[3] (3d ed. 2006).

"Motions to strike, while not favored, may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant." Lehman Bros. Commercial Corp. v. China Int'l United Petroleum & Chemicals Co., Ltd., 1995 WL 380106 * 2 (S.D.N.Y. June 26, 1995) (citation omitted). See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) (stating that in denying a motion to strike on the basis of immateriality or impertinence, the court "should not tamper with the pleadings unless there is a strong reason for so doing"). "Increased time and expense of trial may constitute sufficient prejudice to warrant granting [a motion to strike]." SEC v. Toomey, 866 F. Supp. 719, 722 (S.D.N.Y. 1992). Cf. Travelers Casualty & Surety Co. of Amer. v. Amoroso, 2004 WL 1918890 at *2 (N.D. Calif. Aug. 24, 2004) (stating that a motion to strike may be granted if striking the statements would streamline the case for subsequent litigation and trial). "Prejudice results when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." Anderson v. Board of Education of City of Chicago, 169 F. Supp. 2d 864, 868 (N.D. Ill. 2001) (citing Wright & Miller). Importantly, "[a] motion to strike is committed to the court's discretion." Morse v. Weingarten, 777 F. Supp. 312, 319 (S.D.N.Y. 1991).

First, the Court must clarify that the high standard for corporations seeking a protective order pursuant to § 107, and § 107's concomitant requirement of untruthfulness for "scandalous and defamatory "matter, cited by the Debtor, are inapplicable here. Ag Venture has not moved to seal the offending exhibits and accompanying allegations in the complaint, but to strike them pursuant to Rule 7012(f).[3] It also moved to strike on two grounds – that the materials are "impertinent" and "scandalous" – not solely on the ground that they are scandalous.

After reviewing the allegations and exhibits at issue, the Court grants Ag Venture's motion to strike paragraphs 31, 33, and 34 of the complaint; all of exhibit 12 except for paragraphs 4 and 6 on the attached "Items of Concern"; and all of exhibit 13. The Court denies the motion to strike paragraph 32 of the complaint, as well as the motion to strike paragraphs 4 and 6 listed as Items of Concern on exhibit 12.

The stricken paragraphs and exhibits are extraneous to the question at issue in this adversary proceeding, namely, whether the Debtor is indebted to the Defendants and, if so, what balance is due (after determining whether the Debtor is entitled to any credit against that sum by virtue of his counterclaims against the lenders). The stricken items refer to Ag Venture's global business practices, general lending

---

to scandalous or defamatory matter contained in a paper filed in a case under this title."

4

protocols, and alleged deficiencies in handling of all of its loans. As such, they have no bearing on the subject matter and are "impertinent" within the definition of Rule 7012(f) because they do not pertain to and are not necessary to resolve the issues in question. Allowing discovery on the stricken items would sidetrack and confuse the litigation, and would have the potential of creating an irrelevant mini-trial on Ag Venture's global lending practices – thereby increasing the time and expense of the trial in this matter. See Toomey, 866 F. Supp. at 722; see also Amoroso, 2004 WL 1918890 at * 2. As the Court has found the stricken items "impertinent," it does not address whether they are also "scandalous" within the definition of Rule 7012(f).

Further, the Court agrees with Ag Venture that the stricken items "appear more directed toward tainting the character of Ag Venture and its President rather than advancing the merits of the claims" (doc. # 6, pp. 7-8). See Impulsive Music v. Pomodoro Grill, Inc., 2008 WL 4998474 at * 2 (W.D.N.Y. Nov. 19, 2008) (stating that where retention of the allegation "serve[s] no purpose but to inflame the reader," the allegation must be stricken).

The Court is cognizant of the case law that views motions under Rule 12(f) with disfavor "[b]ecause striking a portion of a pleading is often sought by the movant as a dilatory tactic." Wine Markets Int'l. Inc. v. Bass, 177 F.R.D. 128, 133 (E.D.N.Y. 1998). However, in this proceeding, the motion to strike in fact serves to keep the litigation – which has lasted for several years in state court before being removed to this Court – on track. See Heller Fin. Inc. v. Midwhey Powder Co., 833 F.2d 1286, 1294 (7th Cir. 1989) (where a motion to strike "removes unnecessary clutter from the case, [it] serve[s] to expedite, not delay."). This is complex litigation with an equally complex litigation history. The parties have offered hundreds of pages of documents in this Court in support of their positions, and the litigation has only begun. It is time to narrow the issues and focus on bringing the actual, and properly presented, disputes of law and fact to trial. Thus, it is critical that the parties fine-tune their efforts and pleadings to include only those issues pertinent to the litigation. Accordingly, this case presents the kind of "strong reason" for striking the pleadings on the basis of impertinence that the Second Circuit envisioned in Lipsky, 551 F.2d at 893.[4]

The only loans at issue here are the loans to Montagne. In that regard, paragraphs 4 and 6 on the list of Items of Concern in exhibit 12, and the corresponding paragraph 32 of the complaint, are pertinent, as they implicate the particular loans at issue in this proceeding. The complaint continuously refers to Ag Venture's alleged defective lending practices, specifically in relation to Montagne. Paragraph 32 (and paragraphs 4 and 6 in the Items of Concern) do so as well, and thus they may be included in the complaint.

---

[3] Fed. R. Bankr. P. 9018 "implements the protections provided by § 107(b)(2)." Food Mart, 359 B.R. at 553-54.
4 In Lipsky, the Court was focused on questions of evidence admissibility and stated that the motion to strike would be denied "unless it can be shown that no evidence in support of the allegation would be admissible." 551 F.2d at 893. The instant motion to strike is not focused on admissibility and therefore the Court does not assess the motion against the Lipsky standard for motions to strike related to evidentiary matter, but on the general standard where "the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant." Lehman Bros. Commercial Corp., 1995 WL 380106 at * 2.

5

Diane Montague also filed papers in opposition to Ag Venture's amended motion to strike (doc. # 12). However, Diane Montagne is not a party to this proceeding. She has not moved to intervene, and she therefore lacks standing to raise her arguments. See In re Pontes, 280 B.R. 20, 27-28 (Bankr. D.R.I. 2002) (holding that to be eligible to argue a motion, a party must file and prevail on a motion to intervene, pursuant to Fed. R. Bankr. P. 7024; given the mandatory nature of Rule 7024, the bankruptcy court had no authority to entertain or act upon a party's attempt to participate without having filed a motion to intervene).

**Conclusion**

Based upon the foregoing analysis of the pleadings and its review of the record, the Court finds that (i) paragraphs 31, 33, and 34 of the complaint, (ii) all of exhibit 12 except the letterhead, date, and salutation on the first page of the exhibit and paragraphs 4 and 6 on the attached "Items of Concern," and (iii) all of exhibit 13 are beyond the scope of the issues before the Court, are "impertinent" within the scope of Rule 7012(f) as they do not pertain specifically to the Plaintiff's liability to the Defendants, and shall be stricken. The remainder of the Ag Venture motion to strike is denied.

January 5, 2009                                                                 Colleen A. Brown
Rutland, Vermont                                                          United States Bankruptcy Judge