*Formatted for Electronic Distribution*                                                                      *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

**In re:**

**Michael F. Montagne,**
    **Debtor.**

_____

**Michael F. Montagne,**
    **Plaintiff,**
   v.
**Ag Venture Financial
Services, Inc. and
Bourdeau Brothers, Inc.,**
    **Defendants.**

_____

Filed & Entered
On Docket
March 26, 2009

**Chapter 12 Case
# 08-10916**

**Adversary Proceeding
# 08-1022**

*Appearances:*  Jess Schwidde for the Debtor, Michael F. Montagne
       James Spinks, George Spear, Jennifer Emens-Butler, and Mary Peterson
        for Bourdeau Brothers, Inc., Remi Bourdeau, and Germaine Bourdeau

### ORDER
### GRANTING DEFENDANT BOURDEAU BROTHERS, INC.'S MOTION TO STRIKE, TO SEVER CLAIMS AND FOR A MORE DEFINITE STATEMENT; AND *SUA SPONTE* DISMISSING CERTAIN DUPLICATE CLAIMS FROM THIS PROCEEDING AND AUTHORIZING DEBTOR TO AMEND HIS ANSWER IN ADVERSARY PROCEEDING # 08-1024

  On November 5, 2008, Defendant Bourdeau Brothers, Inc. ("BBI") filed a motion and memorandum of law to strike various alleged immaterial allegations against it in the complaint in this adversary proceeding, to sever those claims which it asserts had been misjoined to the claims against Defendant Ag Venture Financial Services, Inc. ("Ag Venture"), and to order the Plaintiff-Debtor, Michael F. Montagne ("Montagne" or "Debtor"), to provide a more definite statement of the claims against it (doc. # 8). Montagne opposed the motion (doc. # 10), and BBI filed a reply (doc. # 14). For the reasons that follow, the Court grants BBI's motion.

  In addressing the arguments raised on this motion, the Court begins with an overview of the litigation among the parties involved. The Debtor filed his chapter 12 case on October 2, 2008. On the same day, the Debtor commenced this adversary proceeding against two of his largest creditors and removed to this Court two lawsuits those creditors had commenced against the Debtor in state court. Those two latter actions are identified in this bankruptcy case as A.P. # 08-1023 (<u>Ag Venture v. Michael Montagne, John Montagne, Diane Montagne, Montagne Heifers, Patenaude Grain, BBI</u>) and A.P. # 08-1024 (<u>BBI vs. Michael Montagne, Diane Montagne, Montagne Heifers, Inc.</u>). The litigation in all three adversary proceedings has continued at a furious pace, with over 200 documents filed in each lawsuit, and

with some overlap in claims and counterclaims. In A.P. # 08-1024 (the adversary proceeding most relevant to the issues between the Debtor and BBI), Montagne has interposed an Answer, Affirmative Defenses, Counterclaims, and a Third Party Complaint against, inter alia, BBI and Remi Bourdeau, individually and as Vice-President of BBI[1] (doc. # 18 in # 08-1024). Among the fourteen affirmative defenses listed in that pleading are unclean hands, set-off, and breach of contract (including breach of the contractual duty of good faith and fair dealing). Id.

These three affirmative defenses that Montagne has raised in A.P. # 08-1024 duplicate three of the counts included in the complaint in A.P. # 08-1022 (Count II – Offset; Count III – Unclean Hands; Count VI – Money Damages for breach of contract including the contractual duty of good faith and fair dealing) (doc. # 1, # 08-1022). In order to streamline the litigation in these proceedings, and to reduce the confusion surrounding which claims are extant in which adversary proceedings, the Court sua sponte dismisses the offset, unclean hands, and money damages for breach of contract claims against BBI in A.P. # 08-1022 as duplicative of the affirmative defenses interposed in # 08-1024. This would allow these three claims to be litigated once, in a single adversary proceeding involving the Debtor and BBI, rather than having the claims proceed in two distinct proceedings.

The Debtor's claims that remain against BBI in AP # 08-1022 are Count I – Objection to Proof of Claim, and Count IV – Equitable Subordination. Fed. R. Bankr. P. 7021, which incorporates Fed. R Civ. P. 21, provides that "[p]arties may be dropped or added by order of the court on motion of any part or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." A trial court may sever parties or claims in its discretion to promote judicial economy. In re Methyl Tertiary Butyl Ether (""MTBE") Prods. Liab. Litig., 247 F.R.D. 420, 424 (S.D.N.Y. 2007) (citing Moore's Federal Practice 3d Ed. § 21.02[4] (2007)). When deciding a motion to sever, a court should consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

---

[1] The Court notes that, on January 9, 2008, the Debtor filed his Answer, Affirmative Defenses, Counterclaims and Third Party Complaint in the state court action brought by BBI (now labeled as doc. # 18 in # 08-1024). Subsequently, on January 30, 2008, BBI filed an Amended Complaint which added a count of unjust enrichment against all of the defendants (including the Debtor) in the state court action (doc. # 40 in # 08-1024). Although certain of the other defendants did respond to BBI's Amended Complaint, the docket does not reveal that the Debtor filed an Answer or any other response to the Amended Complaint in state court. In the Scheduling Order that this Court issued in January 2009 (doc. # 205 in # 08-1024), the Court listed all pleadings of record in each of the adversary proceedings, indicated that doc. # 18 was the Debtor's Answer to BBI's Complaint, identified BBI's Amended Complaint, and did not list any Answer or other responsive pleading from the Debtor to the Amended Complaint. The parties have not disputed or challenged the completeness of that listing (although they were given an opportunity to move to amended that Scheduling Order and did so with respect to other items). As of this time, no party has raised the issue of whether the Debtor's Answer, Affirmative Defenses, Counterclaims and Third Party Complaint (doc. # 18) constitutes a response by the Debtor to BBI's Amended Complaint.

2

In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003). "Severance requires the presence of only one of these conditions," and the court's primary consideration should be "principles of fundamental fairness and judicial efficiency." In re MTBE Prods. Liab. Litig., 247 F.R.D. at 424 (internal quotation marks and citations omitted).

In applying the factors to determine whether to sever the Debtor's objection to proof of claim and equitable subordination claims against BBI from the Debtor's objection to proof of claim, equitable subordination, offset, unclean hands, preference, and money damages for breach of contract claims against Ag Venture in A.P. # 08-1022, the Court finds that severing BBI's claims is warranted. With regard to the objection to proof of claim cause of action in A.P. # 08-1022, the proofs of claim of Ag Venture (which provided loans to the Debtor) and BBI (which provided supplies to the Debtor) arise out of different transactions conducted by separate corporations, and different witnesses and proof would be required to prove those separate claims. A perusal of the claims register in the chapter 12 case, # 08-10916, reveals that the proofs of claim filed by BBI and Ag Venture against the Debtor are completely separate and distinct. Further, the complaint the Debtor filed in A.P. # 08-1022 discusses in some detail the various transactions (notes, agreements, and loans) between Ag Venture and the Debtor and identifies them as the basis for the Debtor's objection to Ag Venture's proof of claim. The factual portion of the Debtor's complaint in this proceeding does not detail, in any way, the "documents relied on by BBI in support of its claims against Michael Montagne [that] are defective and unenforceable . . ." ¶ 37, which balances claimed by BBI in support of its claims against the Debtor were "incorrect and the product of erroneous and/or altered account ledgers," ¶ 38, and which accounts BBI had "improperly capitalized interest on," ¶ 39.

Similarly, applying these factors to the Debtor's claim for equitable subordination against BBI leads to the conclusion that this claim should also be severed. In the complaint, the Debtor contends that "[t]he conduct of Defendants described above is such that they should be equitably subordinated to all other creditors under both statutory and common law doctrines of equitable subordination" (doc. #, ¶ 83 in # 08-1022). The Bankruptcy Code allows a court, "under principles of equitable subordination, [to] subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or [to] order that any lien securing such a subordinated claim be transferred to the estate. 11 U.S.C. § 510(c). "The concept of equitable subordination, as developed by case law, is that a claim may normally be subordinated only if its holder is guilty of some misconduct. It is a remedial, not a penal, measure that is used only sparingly." 4 Collier on Bankruptcy, ¶ 510.05[1] (15th ed.2008). It "arises in equity to prevent fraud or injustice and usually arises when (1) the paying party has a liability, claim or fiduciary relationship with the debtor; (2) the party pays to fulfill a legal duty or because of public policy; (3) the paying party is a secondary debtor;

(4) the paying party is a surety; or (5) the party pays to protect its own rights or property." In re Hutchins, __ B.R. __, 2009 WL 223450 at * 7-8 (Bankr. D.Vt. Jan. 30, 2009) (citations omitted.).

As with the objection to proof of claim, the complaint in A.P. # 08-1022 delves into detail about Ag Venture's allegedly improper loan practices as the factual predicate for the Debtor's equitable subordination claim against Ag Venture. However, as to BBI, the Complaint sets forth no similar allegations. The only possible factual antecedents in the pleading are (i) ¶¶ 37-39 in doc. # 1 referred to above; (ii) ¶¶ 40-59, which alleges the overlapping ownership and control of Ag Venture and BBI and which, as pled, are irrelevant to this claim; and (iii) a reference in ¶ 68 to BBI possibly benefitting from an allegedly fraudulent application presented by Ag Venture (although there is no assertion that BBI or its principals were involved in that application). These slivers of facts do not show that the equitable subordination claims against Ag Venture and BBI arise out of the same transaction or occurrence, or that similar witnesses and proof would be necessary to prove the two claims. In particular, none of these allegations is sufficient to establish a prima facie case that BBI had a fiduciary relationship with the debtor or that a remedy is necessary to prevent fraud or injustice. If anything, to the extent they present a coherent plea for relief, it appears from this Complaint that the Debtor wishes to invoke this relief against BBI solely to punish it for its alleged misconduct. That is not a proper use of equitable subordination. See Hutchins, 2009 WL 223450 at * 8 (citing 4 Collier on Bankruptcy, ¶ 510.05[1] (15th ed.2008)).

In addition, there is cause to sever the Debtor's objection to claim and equitable subordination causes of action against BBI because it is not at all clear that the Ag Venture and BBI claims present common questions of law or fact, and it is quite clear that judicial economy would be served by severing the claims against BBI from the complaint in # 08-1022 (which, in the main, focuses on Ag Venture) and including them in # 08-1024, which would allow BBI and the Debtor to litigate the claims each has against the other in a single adversary proceeding.

Procedurally, in order to allow the severed claims to be adjudicated in A.P. # 08-1024, the Court will permit the Debtor to amend doc. # 18 in A.P. # 08-1024 (Answer, Affirmative Defenses, Counterclaim and Third Party Complaint) to add these two claims. In order to more fully separate the Debtor's claims against Ag Venture in A.P. # 08-1022 from the claims against BBI in A.P. # 08-1024, the Court grants BBI's motion to strike certain paragraphs from the complaint in A.P. # 08-1022. Rule 7012(f) incorporates Fed. R. Civ. P. 12(f), the motion to strike, and provides: "Upon motion . . . made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Bankr. P. 7012(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief." Donnelly v. Commonwealth Fin. Sys., Inc., 2008 WL 762085, * 4 (M.D.Pa. Mar. 20, 2008). The Court grants BBI's motion to strike ¶¶ 40-58, but declines to strike ¶ 59, as that refers only to Ag Venture.

4

Additionally, having determined that BBI will no longer be a defendant in A.P. # 08-1022, ¶¶ 37-39 and 63, and will strike the references to BBI in ¶¶ 66, 68, 71, 72, 73, 77, 78, 80, and 82 as immaterial.

BBI has also moved for a more definite statement with regard to the Debtor's claims against it (doc. # 8 in # 08-1022). The Court addresses this question even though the claims have been stricken from the complaint in A.P. # 08-1022 because the Court has not prohibited the Debtor from importing these claims (as well as the stricken paragraphs) into an Amended Answer, Affirmative Defenses, Counterclaim and Third Party Complaint in A.P. # 08-1024. The Court finds BBI's argument that a more definite statement is necessary to support these claims in the amended document to be persuasive.

Fed. R. Bankr. P. 7012, which incorporates Fed. R Civ. P. 12, allows a motion for a more definite statement. The rule provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Bankr. P. 12(e); <u>Pelman ex rel. Pelman v. McDonald's Corp.</u>, 396 F.3d 508, 512, n.5 (2d Cir. 2005) (noting that the cure for vague and conclusory allegations is a motion for a more definite statement).

With regard to the objection to proof of claim cause of action against BBI, the Debtor has not articulated (i) which of the documents relied upon by BBI in support of its claims against the Debtor are defective and unenforceable; (ii) which balances due are incorrect and the product of erroneous and/or altered account ledgers; or (iii) on which accounts BBI had improperly capitalized interest. (doc. # 1 in # 08-1022, ¶¶ 37-39). With regard to the equitable subordination cause of action against BBI, the Debtor has not articulated what conduct by BBI – or more accurately, misconduct – would support such a claim. Should the Debtor amend his Answer, Affirmative Defenses, Counterclaims and Third Party Complaint, he will have to support these claims by simple, concise, and direct allegations tied to particular facts. <u>See</u> Fed. R. Bankr. P. 7008 (incorporating Fed. R. Civ. P. 8(a) and 8(d)).

Given the history of this litigation, the Court cautions the Debtor that should he elect to amend his Answer, Affirmative Defenses, Counterclaims and Third Party Complaint in A.P. # 08-1024 to add the claims severed from A.P. # 08-1022, it is not sufficient for him to merely repeat the same vague and conclusory allegations against BBI that he set forth in the Complaint in A.P. # 08-1022. If the Debtor files an amended pleading in A.P. # 08-1024 that is inadequate to support the new causes of action, and this forms the basis for BBI to file another motion challenging that pleading, the Court would be inclined to find that to constitute grounds for requiring the Debtor to pay any reasonable attorney's fees BBI incurs in connection with that motion.

In summary, IT IS HEREBY ORDERED as follows:

1. The offset, unclean hands, and money damages causes of action against BBI in the Complaint in A.P. # 08-1022 are DISMISSED <u>sua sponte</u> as duplicative of the same affirmative defenses raised by the Debtor against BBI in doc. # 18 in A.P. # 08-1024.

2. BBI's motion to sever the remaining counts – Objection to Proof of Claim and Equitable Subordination – against BBI in the Complaint filed in A.P. # 08-1022 is GRANTED.

3. BBI's motion to strike ¶¶ 40-58 in the complaint in A.P. # 1022 is GRANTED (but not ¶ 59 as it refers solely to Ag Venture). In addition, the Court sua sponte strikes ¶ 63 and the references to BBI in ¶¶ 66, 68, 71, 72, 73, 77, 78, 80, and 82.

4. The Debtor may file a motion to amend his Answer, Affirmative Defenses, Counterclaim and Third Party Complaint (doc. # 18 in # 08-1024) in # 08-1024 to add the two claims severed from # 08-1022, provided it is filed **by April 9, 2009**.

5. BBI's motion for a more definite statement is GRANTED: Should the Debtor elect to amend his Answer, Affirmative Defenses, Counterclaim and Third Party Complaint in A.P. # 08-1024 to add the two claims severed from A.P. # 08-1022, the Court directs the Debtor to support these claims by simple, concise and direct allegations tied to particular facts.

SO ORDERED.

_____

March 26, 2009            Colleen A. Brown
Rutland, Vermont         United States Bankruptcy Judge